**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**


<u>Patrick Chasse</u>

        v.                          Civil No. 15-cv-473-PB
                                    Opinion No. 2016 DNH 164
<u>United States of America</u>


<u>AMENDED
MEMORANDUM AND ORDER</u>

    18 U.S.C. § 924(c) punishes those who use a firearm during

and in relation to "any crime of violence."  As used in §

924(c), "crime of violence" means a felony offense that either

"has as an element the use, attempted use, or threatened use of

physical force against the person or property of another," (the

"force clause"), or "by its nature, involves a substantial risk

that physical force against the person or property of another

may be used in the course of committing the offense," (the

"residual clause").  18 U.S.C. § 924(c)(3).  In Johnson v.

United States, 135 S. Ct. 2551 (2015), the United States Supreme

Court held that the residual clause in 18 U.S.C. §

924(e)(2)(B)'s definition of "violent felony," which is similar

to the residual clause in § 924(c), is unconstitutionally vague.

The Court later made its holding in <u>Johnson</u> retroactive in Welch

v. United States, 136 S. Ct. 1257 (2016).

Patrick Chasse, the petitioner here, pleaded guilty to several offenses in 2011, including two counts of "us[ing], carr[ying], and brandish[ing]" a firearm "during and in relation to a crime of violence," in violation of 18 U.S.C. § 924(c). The underlying "crime[s] of violence" for those § 924(c) convictions were federal bank robbery and pharmacy robbery.[1] Chasse has since filed a 28 U.S.C. § 2255 motion to vacate his § 924(c) convictions, arguing that Johnson requires a conclusion that § 924(c)'s residual clause is unconstitutionally vague, and that federal bank robbery and pharmacy robbery are not crimes of violence under § 924(c)'s force clause.

The government opposes Chasse's motion.  It argues that Chasse procedurally defaulted on this claim by failing to raise it previously, and that he cannot show the cause and actual prejudice needed to excuse his default.  In particular, the government contends that Chasse cannot establish prejudice, because federal bank robbery and pharmacy robbery are both crimes of violence under § 924(c)'s force clause.  Therefore, according to the government, even assuming that Johnson renders § 924(c)'s residual clause unconstitutional, Chasse is not

---

[1] In one of its briefs, the government incorrectly suggested that Chasse's predicate "crime of violence" was Hobbs Act robbery, 18 U.S.C. § 1951.  See Doc. No. 18 at 26-27.

entitled to § 2255 relief.[2]


## I.  BACKGROUND

During the fall of 2010, Patrick Chasse and two co-conspirators committed a series of armed robberies.  Following those crimes, in June 2011, a grand jury returned a twenty-eight-count superseding indictment against Chasse and his associates.  See Superseding Indictment, United States v. Chasse, No. 11-cr-52-PB (D.N.H. June 8, 2011), Doc. No. 32.  The indictment included two 18 U.S.C. § 924(c) charges against Chasse, Counts Five and Twenty.[3]  See Presentence Investigation Report at 1-2, United States v. Chasse, No. 11-cr-52-PB (D.N.H. May 10, 2012), Doc. No. 84 (Sealed).

---

[2] Chasse's pro se § 2255 petition includes additional challenges to his convictions, including an ineffective assistance of counsel claim.  See Doc. Nos. 8 at 5; 15.  I will address those issues in a separate Memorandum and Order.

[3] The superseding indictment included four § 924(c) charges against Chasse -- Counts Five, Nine, Sixteen, and Twenty.  See Superseding Indictment, United States v. Chasse, No. 11-cr-52-PB (D.N.H. June 8, 2011), Doc. No. 32.  Counts Nine and Sixteen were dismissed pursuant to Chasse's plea agreement, however, and Chasse was convicted of only the § 924(c) charges set out in Counts Five and Twenty.  See Judgment, United States v. Chasse, No. 11-cr-52-PB (D.N.H. May 25, 2012), Doc. No. 91.  I address only those counts here.

The § 924(c) counts stemmed from two incidents.  Count Five resulted from a September 2010 robbery at a TD Bank branch in Manchester, New Hampshire.  Superseding Indictment at 5, United States v. Chasse, No. 11-cr-52-PB (D.N.H. June 8, 2011), Doc. No. 32.  The underlying "crime of violence" for Count Five was federal bank robbery, 18 U.S.C. § 2113(a) and (d) (Count Three). Id. at 3.  Count Twenty was based on a November 2010 robbery at a Rite Aid Pharmacy in Manchester.  Id. at 20.  The underlying "crime of violence" for Count Twenty was pharmacy robbery, 18 U.S.C. § 2118(a) and (c)(1) (Count Eighteen).  Id. at 18.

In September 2011, Chasse pleaded guilty to a number of the charges against him, including the two § 924(c) counts, and the underlying federal bank robbery and pharmacy robbery charges. He was later sentenced to a total term of imprisonment of 239 months and one day -- a 120 month sentence on Count Five, a 119 month sentence on Count Twenty, and a one day sentence on all other counts.  Judgment at 3, United States v. Chasse, No. 11-cr-52-PB (D.N.H. May 25, 2012), Doc. No. 91.  The sentences on Counts Five and Twenty were ordered to be served consecutively to each other and to the other counts, pursuant to § 924(c)(1)(A).

## II.  <u>ANALYSIS</u>

Chasse seeks to vacate his § 924(c) convictions, claiming that § 924(c)'s residual clause is unconstitutionally vague in light of Johnson v. United States, 135 S. Ct. 2551 (2015), and that federal bank robbery and pharmacy robbery do not qualify as "crimes of violence" under § 924(c)'s force clause.  The government responds that Chasse procedurally defaulted on this claim by failing to raise it previously, and that he cannot demonstrate the cause and prejudice required to excuse that default.  To put these arguments into context, I begin by describing Johnson and § 924(c), then outline the procedural default rule, and finally turn to the government's assertion that federal bank robbery and pharmacy robbery constitute "crimes of violence" under § 924(c)'s force clause.

### A.  <u>Johnson and § 924(c)</u>

In Johnson, the Supreme Court addressed the definition of "violent felony" under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2).  Federal law prohibits a felon from possessing a firearm.  18 U.S.C. § 922(g); Welch, 136 S. Ct. at 1261.  Pursuant to the ACCA, a felon who possesses a firearm after three or more convictions for a "violent felony" faces an enhanced sentence.  18 U.S.C. § 924(e)(1).

The ACCA defines "violent felony" as:

> [A]ny crime punishable by imprisonment for a term exceeding one year . . . that — "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

§ 924(e)(2)(B).  Subsection (i) of § 924(e)(2)(B) is known as the "elements clause." Welch, 136 S. Ct. at 1261.  The end of subsection (ii) -- "or otherwise involves conduct that presents a serious potential risk of physical injury to another" -- is the "residual clause." Id.  The Supreme Court in Johnson held that the ACCA's residual clause is unconstitutionally vague. Id.; Johnson, 135 S. Ct. at 2563.

18 U.S.C. § 924(c), meanwhile, punishes those who use a firearm during and in relation to "any crime of violence."  The statute generally calls for a five-year mandatory minimum sentence, but requires a ten-year mandatory minimum where, as in Chasse's case, the firearm is a "short-barreled shotgun." See 18 U.S.C. § 924(c)(1)(A)(i), (c)(1)(B)(i).  The sentence on a § 924(c) conviction runs consecutively to the sentence for the underlying "crime of violence." Id. § 924(c)(1)(A).

Section 924(c)(3) sets out a two-part definition of "crime of violence."  Under the statute's "force clause," an offense is a crime of violence if it is a felony that "has as an element

6

the use, attempted use, or threatened use of physical force against the person or property of another." Id. § 924(c)(3)(A). Under § 924(c)'s "residual clause," an offense is a crime of violence if it is a felony "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." Id. § 924(c)(3)(B).

Thus, the residual clause in § 924(c)'s definition of "crime of violence" is similar to the residual clause in the ACCA's definition of "violent felony." Compare id. § 924(c)(3)(B) ("by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense"), with id. § 924(e)(2)(B)(ii) ("or otherwise involves conduct that presents a serious potential risk of physical injury to another"). Citing these similarities, Chasse contends that § 924(c)'s residual clause is unconstitutional in light of Johnson.[4] He also asserts

---

[4] Courts have disagreed about whether Johnson affects § 924(c)'s residual clause. Compare United States v. Taylor, 814 F.3d 340, 376-79 (6th Cir. 2016) (rejecting claim that Johnson invalidated § 924(c)'s residual clause); United States v. Tsarnaev, 157 F. Supp. 3d 57, 71-74 (D. Mass. 2016) (same), with United States v. Smith, No. 11-cr-58-JAD-CWH, 2016 WL 2901661, at *5-6 (D. Nev. May 18, 2016) (concluding that § 924(c)'s residual clause is unconstitutional in light of Johnson); United States v. Edmundson, 153 F. Supp. 3d 857, 861-64 (D. Md. 2015) (same). For the reasons provided below, I need not decide the issue.

that federal bank robbery and pharmacy robbery do not qualify as crimes of violence under § 924(c)'s force clause.  Thus, he argues that his § 924(c) convictions must be vacated.

## B.   **Procedural Default**

The government counters that Chasse procedurally defaulted on his claim that § 924(c)'s residual clause is unconstitutional, because he failed to raise this argument either before his conviction or on direct review.[5]  The procedural default rule imposes a "significant bar on habeas corpus relief" in cases where "a prisoner did not raise claims at trial or on direct review."  Owens v. United States, 483 F.3d 48, 56 (1st Cir. 2007).  "In such cases, a court may hear those claims for the first time on habeas corpus review only if the petitioner has 'cause' for having procedurally defaulted his claims, and if the petitioner suffered 'actual prejudice' from the errors of which he complains."[6]  Id.  The petitioner must demonstrate both cause and prejudice, Prou v. United States, 199

---

[5] The government agrees that 28 U.S.C. § 2255(f)'s statute of limitations does not bar Chasse's petition.  See Doc. No. 18 at 3 n.1.

[6] A court can also excuse a petitioner's procedural default where the petitioner makes a showing of actual innocence.  Owens, 483 F.3d at 56 n.6.  Chasse does not claim here that he is actually innocent.

F.3d 37, 47 (1st Cir. 1999); the absence of either requirement means that he cannot obtain relief.  Cf. Jordan v. United States, 619 F. App'x 1, 3, 3 n.1 (1st Cir. 2015) (declining to address prejudice where petitioner failed to establish cause for his default).

The government argues that Chasse has shown neither cause nor prejudice.  It claims, among other things, that Chasse cannot establish prejudice, because the offenses underlying his § 924(c) convictions, federal bank robbery and pharmacy robbery, both qualify as crimes of violence under § 924(c)'s force clause.  Therefore, the government asserts, even if Johnson renders § 924(c)'s residual clause unconstitutional, Chasse's § 2255 motion should be denied.  As explain below, the government's argument is persuasive.

## C.   **The Categorical Approach**

To determine whether federal bank robbery and pharmacy robbery constitute crimes of violence under § 924(c)'s force clause, I apply the so-called "categorical approach."[7]  The

---

[7] The government suggests that the categorical approach may not apply to § 924(c), or at least to § 924(c)'s residual clause. See Doc. No. 18 at 19 ("Neither the Supreme Court nor the First Circuit has ever held that the categorical approach, adopted in the ACCA setting, should apply to the § 924(c) residual clause.").  Some courts have apparently reached this same conclusion, at least when considering a defendant's pretrial motion to dismiss an indictment.  See, e.g., United States v.

categorical approach generally requires courts to look "only to the statutory definitions - i.e., the elements - of a defendant's [offense] and not to the particular facts underlying [the offense]" in deciding whether that offense qualifies as a crime of violence. Descamps v. United States, 133 S. Ct. 2276, 2283 (2013) (emphasis in original).  Thus, I may consider only "the statutory definition of the [offense] and the fact of conviction to determine whether the conduct criminalized by the statute, including the most innocent conduct, qualifies as a" crime of violence. United States v. Fish, 758 F.3d 1, 5 (1st Cir. 2014) (citing Karimi v. Holder, 715 F.3d 561, 567 (4th Cir. 2013)).  If the "most innocent conduct" proscribed by a statute does not constitute a crime of violence, then the statute categorically fails to qualify as a crime of violence.  See id.

C.   **Federal Bank Robbery**

     Applying that categorical framework, Chasse contends that

_____

McCallister, No. CR 15-0171 (ABJ), 2016 WL 3072237, at *7 (D.D.C. May 31, 2016); United States v. McDaniels, 147 F. Supp. 3d 427, 433 (E.D. Va. 2015).  Other courts disagree, particularly in the post-conviction context.  See, e.g., United States v. Hill, No. 14-3872-CR, 2016 WL 4120667, at *3 (2d Cir. Aug. 3, 2016) (applying categorical approach to determine whether Hobbs Act robbery is a crime of violence under § 924(c)); United States v. Fuertes, 805 F.3d 485, 498 (4th Cir. 2015).  Here, Chasse premises his challenge to his § 924(c) convictions on the theory that the categorical approach applies to § 924(c).  See Doc. No. 20 at 15-16.  I assume, for the purposes of this Memorandum and Order, that he is correct.

armed bank robbery, 18 U.S.C. § 2113(a) and (d), is not a
violent felony under § 924(c)'s force clause, because it does
not have "as an element the use, attempted use, or threatened
use of physical force against the person or property of
another."  The relevant portion of § 2113 includes four
requirements:

> (1) the defendant took, or attempted to take, money
> belonging to, or in the custody, care, or possession of, a
> bank, credit union, or saving and loan association; (2) the
> money was taken by force and violence, or by intimidation;
> (3) the deposits of the institution were federally insured,
> and (4) in committing or attempting to commit the offense,
> the defendant assaulted any person, or put in jeopardy the
> life of any person, by the use of a dangerous weapon or
> device.  The first three elements . . . are drawn from §
> 2113(a) and define the lesser-included offense of bank
> robbery.  The fourth element is drawn from § 2113(d).

United States v. McNeal, 818 F.3d 141, 152 (4th Cir. 2016)

(internal punctuation omitted).[8]  The arguments here focus on the
second requirement -- that the money must be taken "by force and
violence, or by intimidation," 18 U.S.C. § 2113(a).

---

[8] Section 2113(a) also prohibits "enter[ing]," or attempting to
enter, a bank with the intent to commit a felony affecting the
bank.  Section 2113(a)'s "entering" provision apparently does
not require the use, attempted use, or threatened use of
physical force.  See United States v. McBride, No. 15-3759, 2016
WL 3209496, at *3 (6th Cir. June 10, 2016) (noting that §
2113(a)'s "entering" provision "could certainly encompass many
nonviolent felonies").  However, the "entering" portion of §
2113(a) sets forth a distinct set of elements, and is divisible
under Descamps.  And, the charging documents in this case make
plain that Chasse pleaded guilty to the "taking" portion of §
2113(a).

Since Johnson, courts have consistently held that both unarmed and armed bank robbery, § 2113(a) and (d), qualify as crimes of violence under § 924(c)'s force clause, and under similar provisions of federal law.  The reasoning these courts employ is straightforward.  For example, in concluding that armed bank robbery constitutes a crime of violence under § 924(c)'s force clause, the Fourth Circuit in McNeal explained that "[a] taking 'by force and violence' entails the use of physical force." 818 F.3d at 153; see United States v. McBride, No. 15-3759, 2016 WL 3209496, at *2 (6th Cir. June 10, 2016) ("Bank robbery by 'force and violence' plainly involves 'the use, attempted use, or threatened use of physical force.'"). Meanwhile, "a taking 'by intimidation' involves the threat to use [physical] force." McNeal, 818 F.3d at 153; see United States v. Burns, 160 F.3d 82, 85 (1st Cir. 1998) (explaining that "intimidation" occurs where "a reasonable person in the same circumstances would have felt coerced by a threat of bodily harm") (emphasis in original).  Therefore, both robbery by "force and violence" and by "intimidation" include "an element that is 'the use, attempted use, or threatened use of physical force,' and thus bank robbery under § 2113(a) constitutes a crime of violence under the force clause of § 924(c)(3)." McNeal, 818 F.3d at 153; see also McBride, 2016 WL 3209496, at

12

*2 (applying similar reasoning, and concluding that § 2113(a) constitutes a crime of violence under U.S.S.G. § 4B1.2(a)'s force clause); United States v. Jenkins, No. 15-14809, 2016 WL 3101281, at *4 (11th Cir. June 3, 2016) (same).

Moreover, in Kucinski v. United States, 2016 DNH 147, I recently determined that federal bank robbery qualifies as a "violent felony" under the ACCA's elements clause.  In that case, the petitioner argued that federal bank robbery was not a violent felony because: (1) "intimidation" under § 2113(a) does not require a threat to use physical force, (2) § 2113(a) does not demand a threat of violent force,[9] and (3) § 2113(a) does not require a sufficient mens rea to qualify as a violent felony. See Kucinski, 2016 DNH 147, 7.  I addressed each of these points at length, and ultimately concluded that none were persuasive.

---

[9] Under the ACCA, "physical force" means "violent force" -- "that is, force capable of causing physical pain or injury to another person."  Whyte v. Lynch, 807 F.3d 463, 471 (1st Cir. 2015) (emphasis in original).  A statute that proscribes de minimis touching therefore does not qualify as a "violent felony" under the ACCA.  See United States v. Fields, 823 F.3d 20, 34 (1st Cir. 2016).  In United States v. Castleman, however, the Supreme Court interpreted the phrase "physical force" in a different statute, 18 U.S.C. § 921(a)(33)(A)(ii), to require only an "offensive touching."  See 134 S. Ct. 1405, 1410 (2014).  Some courts have construed "physical force" in § 924(c) to require violent force, rather than merely offensive contact.  See United States v. Williams, No. 2:15-CR-69-JDL, 2016 WL 1555696, at *8 (D. Me. Apr. 15, 2016).  I assume, for the sake of analysis, that this interpretation is correct.

See id. at 7-19.

I reach the same conclusion here.  Chasse does not cite any differences between § 924(c) and the ACCA that would lead to a different result in the § 924(c) context.  See Doc. No. 21 at 3. Nor does he present any persuasive argument that the petitioner in Kucinski neglected.  See id.  Accordingly, for essentially the same reasons outlined in Kucinski, I conclude that federal bank robbery "has as an element the use, attempted use, or threatened use of physical force," and thus qualifies as a crime of violence within the meaning of § 924(c)'s force clause.

**D.   Pharmacy Robbery**

Chasse also suggests that pharmacy robbery, 18 U.S.C. § 2118(a) and (c)(1), is not a crime of violence under § 924(c)'s force clause.  The relevant portion of § 2118 proscribes "tak[ing] or attempt[ing] to take from the person or presence of another by force or violence or by intimidation any material or compound containing any quantity of a controlled substance belonging to or in the care, custody, control, or possession of a person registered with the Drug Enforcement Administration . . . ."  18 U.S.C. § 2118(a).  If the defendant "assaults any person, or puts in jeopardy the life of any person, by the use of a dangerous weapon or device" in committing pharmacy robbery, the defendant is subject to an enhanced sentenced.  Id. §

14

2118(c)(1).

   According to the government, "there is no material
difference between" the federal bank robbery statute and the
pharmacy robbery statute for § 924(c) purposes.  Doc. No. 18 at
29 n.8.  As the government seems to recognize, there are some
textual differences between the two provisions -- § 2113(a)
requires a taking "by force <u>and</u> violence, or by intimidation,"
whereas § 2118(a) demands a taking "by force <u>or</u> violence or by
intimidation."  (emphasis added).  Chasse, however, has not
argued that the two statutes should be treated differently based
upon that distinction, or otherwise explained why pharmacy
robbery is not a crime of violence under § 924(c).  <u>See</u> Doc. No.
21 at 3.  Moreover, I am unaware of any opinion in which another
court concluded that one can commit pharmacy robbery by using,
or threatening to use, nonviolent force.  <u>Cf.  United States v.
Fish</u>, 758 F.3d 1, 6 (1st Cir. 2014) ("[I]n assessing whether the
elements of the candidate proposed as a predicate crime are
overbroad, we need not consider fanciful, hypothetical
scenarios.").  Therefore, I conclude that the two statutes are
interchangeable for § 924(c) purposes, and determine that
pharmacy robbery qualifies as a crime of violence under §
924(c).

   In sum, the offenses underlying Chasse's two § 924(c)

convictions, federal bank robbery and pharmacy robbery, both qualify as crimes of violence under § 924(c)'s force clause. For that reason, even assuming that Johnson renders § 924(c)'s residual clause unconstitutional, Chasse cannot establish the prejudice needed to excuse his procedural default.  Chasse's § 2255 motion therefore must be denied.

## III.   CONCLUSION

To the extent that Chasse claims in his 28 U.S.C. § 2255 motions (Doc. Nos. 1, 8) that his § 924(c) convictions should be vacated in light of Johnson, his motions are denied.  I will address the other issues raised in Chasse's § 2255 petitions in a separate Memorandum and Order.

SO ORDERED.

/s/Paul Barbadoro
Paul Barbadoro
United States District Judge

September 15, 2016

cc:  Cathy J. Green, Esq.
     Seth R. Aframe, Esq.

16